An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

KOO KWANG JUNG,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66087

FILED

DEC 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

Appellant filed his petition on January 28, 2014, more than nine years after the voluntary dismissal of his direct appeal. *See Koo Kwang Jung v. State*, Docket No. 42896 (Order Dismissing Appeal, June 28, 2004). Appellant's petition was therefore untimely filed and procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See* NRS 34.726(1).

To the extent appellant argued that the district court's 2.5-month delay in filing his prior post-conviction habeas petitions constituted good cause, his claim lacked merit. Appellant's prior petitions were not dated until 2012, well past the one-year procedural bar, such that the alleged delay in filing would not have established good cause for the entire length of the delay. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003).

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

14-40254

To the extent appellant argued that his petition was delayed because of the "malfeasance" of retained post-conviction counsel, his claim lacked merit. Appellant provided no information as to when he retained or terminated his relationship with post-conviction counsel, alleging only that counsel "wasted" nine months of time between April 2013 and January 2014. Even if this were true, the alleged malfeasance would not have established good cause for the entire length of the delay. *Id.*

Finally, to the extent appellant attempted to overcome his procedural defect by characterizing the petition as a "First Amendment Petition" or by couching his claims as "jurisdictional" in nature, his claims lacked merit. Appellant failed to demonstrate any unconstitutional prior restraint of his First Amendment rights. *See* NRS 34.185(1). Further, his claims did not implicate the jurisdiction of the district court. *See* Nev. Const. art. 6, § 6; NRS 171.010. Accordingly, we conclude that the district court did not err in denying appellant's petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                      Saitta

---

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Scott N. Freeman, District Judge
Koo Kwang Jung
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A